# COURT OF APPEALS OF TEXAS.

## GALVESTON TERM, 1887.

---

[No. 2112.]

### HENRY WADE *v*. THE STATE.

1. OCCUPATION TAXES.—The commissioners' courts of the several counties of this State have power to levy and collect a tax for the counties equal to one half of the State tax upon taxable occupations. No particular form is presented by law for an order of the commissioners' court levying an occupation tax, nor is there any statute prescribing the requisites of such an order. See the opinion *in extenso* for an order of the commissioners' court, *held* sufficient to operate as a levy of a county occupation tax upon retail liquor dealers, and, therefore, to have been properly received in evidence.

2. SAME—EVIDENCE.—As tending to establish the nature of the defendant's occupation, it was proper to admit evidence to the effect that the son of the defendant, in the discharge of the defendant's business, sold medicated bitters, the defendant never having paid the tax levied for pursuing the occupation of a retail liquor dealer. But see the statement of the case for a special instruction upon the question held to have been properly refused because upon the weight of evidence.

3. SAME—UNLAWFUL SALE OF INTOXICATING LIQUORS.—See the opinion *in extenso* for evidence *held* sufficient to support a conviction for pursuing the occupation of selling intoxicating liquors without having paid occupation tax therefor.

APPEAL from the County Court of Burleson. Tried below before the Hon. John Alexander, County Judge.

The conviction in this case was for pursuing the occupation of selling intoxicating liquors without having first paid the occupation tax levied therefor. The penalty assessed was a fine of four hundred and fifty dollars. The opinion states the effect of the evidence adduced upon the trial.

The special requested instruction referred to in the second head note of this report reads as follows:

"Defendant asks the court to instruct the jury that if you believe from the evidence that the son of the defendant, during his absence, sold bitters in quantities less than one quart, this sale can not be imputed to defendant unless it has been also proven that the defendant had authorized him to so sell, and the fact that he was the son of the defendant raises no presumption that he was defendant's agent for the purpose of selling liquor unlawfully."

The motion for new trial raised the question discussed in the opinion.

*E. G. Ragsdale* and *W. K. Homan*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. I. There is no particular form prescribed by law for an order of the commissioners' court levying an occupation tax, nor is there any statute prescribing the requisites of such an order. With reference to the occupation tax upon liquor dealers it is provided that the commissioners' courts of the several counties shall have power to levy and collect a tax for the counties equal to one-half the State tax upon such occupation. (Acts Seventeenth Leg., Reg. Sess., p. 21, sec. 2.)

At a regular term of the commissioners' court of Burleson county, convened in May, 1886, an order of said court was made and entered as follows: "There shall be levied and collected on all occupations pursued in said county of Burleson, which are not specially provided by the laws of this State, a tax of one-half of the State occupation tax as levied by the laws of the State." This order, we think, is a sufficient and valid levy of an occupation tax for the county upon the occupation of liquor dealer. It was not essential to name the precise amount of the tax levied, because that amount is made certain by reference to the statute of the State, which fixes the amount of the State occupation tax at three hundred dollars per annum for the occupation of engaging in the sale of spirituous, vinous or malt liquors or medicated bitters in quantities of less than one quart. (Acts Seventeenth Leg., Reg. Ses., p. 112, sec. 1.) The tax levied for the county, being one-half said State tax, must therefore be one hundred and fifty dollars, and could not

be any other amount. We are of the opinion that the court did not err in admitting said order in evidence and did not err in instructing the jury that said order levied a tax in favor of said county upon said occupation of one hundred and fifty dollars. It was the province of the court to construe the order and instruct the jury as to its legal effect.

We are cited by counsel for defendant to the case of Mansfield v. The State, 17 Texas Court of Appeals, 468. It is claimed by counsel that this court in that case held a similar order of a commissioners' court to be invalid and insufficient. It will be found by a careful examination of that case, that the question as to the validity and sufficiency of the order was not before this court, and was not discussed or passed upon by us. The trial court held the order to be invalid, and rejected it when offered in evidence by the State, but this ruling of the trial court was not presented for revision in this court, and was not determined or considered in disposing of the case.

II. Considering the charge of the court as a whole, we think the law of the case was fully and correctly given to the jury. All of the special instructions requested by defendant except one, appear to have been given. The one refused was, in our opinion, properly refused. That the defendant's son, while in charge of defendant's bar room, sold medicated bitters while conducting defendant's business, was admissible as a circumstance tending to prove that the defendant was engaged in the occupation of selling medicated bitters. The special instruction refused related to this evidence, and was we think, a charge upon the weight of said evidence, and therefore was properly refused.

III. There is sufficient evidence, in our judgment, to support the conviction. Several instances of the sale of medicated bitters by defendant during the months of July and August, 1886, are clearly established by the evidence. As to whether or not the evidence showed that defendant had pursued or engaged in the occupation of selling spirituous liquors or medicated bitters, without first obtaining license therefor, was fully and clearly submitted to the jury as a question of fact for their determination. The jury found against the defendant upon this question of fact, and that finding is sustained by the evidence. (Mansfield v. The State, 17 Texas Ct. App. 468.)

We find no error in the conviction, and the judgment is affirmed.

*Affirmed.*

Opinion delivered January 8, 1887.